# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**CORY M. WELCH,**

     **Petitioner,**

     **v.**                                              **Case No. 12-CV-683**

**MARC CLEMENTS,**

     **Respondent.**

---

### DECISION AND ORDER DENYING PETITION FOR WRIT
### OF HABEAS CORPUS AND DISMISSING CASE

---

     Cory M. Welch ("Welch"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Welch was convicted of eight counts of armed robbery with threat of force, one count of conspiracy to commit armed robbery, one count of fleeing/eluding an officer, and two counts of bail jumping. (Judgment of Conviction, Answer ("Ans.") at 135, 139, Docket # 15-2.) He was sentenced to twenty-six years of imprisonment followed by eighteen years of extended supervision. (Habeas Petition at 2, Docket # 1.)

     The parties have briefed the petition for a writ of habeas corpus and the petition is ready for disposition. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

### BACKGROUND

     On November 10, 2004, Welch was charged with ten counts of armed robbery, two counts of attempted armed robbery, one count of conspiracy to commit armed robbery, one count of fleeing an officer, and two counts of misdemeanor bail jumping. *State of Wisconsin ex rel. Cory M. Welch v. Thurmer*, 2010AP2264, Wis. Ct. App. Dec. 29, 2011, Attachment to Petitioner's Br. in Supp. of

Petition, Docket # 2-7 at 2.) The same day, Welch filed a request for a speedy trial. (*Id.*) At the scheduling conference, Welch's counsel advised the trial judge that he would be out of state and unavailable from January 25, 2005 through March 2, 2005. (*Id.*) To comply with the speedy trial request, the trial judge set trial for January 18, 2005. (*Id.*) To accommodate Welch's counsel's unavailability from January 25, 2005 through March 2, 2005, trial needed to end by January 24, 2005. (*State v. Welch*, 2007AP1688, Wis. Ct. App. June 17, 2008, Attachment to Petitioner's Br. in Supp. of Petition, Docket # 2-1 at 3.) On January 13, 2005, the State filed a motion seeking to sever counts thirteen through sixteen from counts one through twelve due to the time constraints available for trial. (Docket # 2-7 at 2.) The State indicated that due to the number of witnesses, the amount of evidence to be presented, and the complexity of the case, it would be unable to complete the entire trial within the time allotted. (*Id.*) Over Welch's objection to the severance, the trial court granted the motion. (*Id.*)

On January 18, 2005, the first trial proceeded on counts thirteen through sixteen. (*Id.* at 3.) Welch was found guilty on all four counts. (*Id.*) The second trial on counts one through twelve commenced on November 28, 2005. (*Id.*) At the close of evidence, the State dismissed counts four through seven. The jury returned a guilty verdict on the eight remaining counts. (*Id.*) Welch filed a motion for postconviction relief asserting the trial court erroneously exercised its discretion by severing the counts. (*Id.*) The trial court denied the motion.

Welch filed a direct appeal in which he argued that the trial court erroneously exercised its discretion when it granted the State's motion to sever and by allowing other acts evidence to be admitted at both trials. (*Id.*) The court of appeals affirmed the trial court's decision on June 17, 2008. (Docket # 2-1.) Welch subsequently filed a *pro se* motion under Wis. Stat. § 974.06, arguing

- 2 -

postconviction counsel should have argued a speedy trial violation and trial counsel failed to adequately cross-examine a witness and to seek a mistrial. (*State v. Welch*, 2009AP2045, Wis. Ct. App. Aug. 10, 2010, Attachment to Petitioner's Br. in Supp. of Petition, Docket # 2-5 at 3.) The trial judge denied Welch's speedy trial claim and noted that Welch was actually faulting appellate counsel's failure to include the speedy trial issue in the direct appeal and should have brought the ineffective assistance of appellate counsel claim to the court of appeals through a *Knight*[1] petition. The trial court ordered further briefing on the mistrial issue, but ultimately denied the motion. The court of appeals affirmed on August 10, 2010.

Welch filed a petition for review of the court of appeals' August 10, 2010 decision, which was granted. (Docket # 2-7 at 5.) The Wisconsin Supreme Court vacated the August 10, 2010 decision and remanded for further consideration of Welch's claim that his postconviction counsel was ineffective in not arguing that his trial counsel had been ineffective for failing to seek a mistrial. (*Id.*) On remand, the court of appeals again affirmed. (*State v. Welch*, 2009AP2045, Wis. Ct. App. May 17, 2011, Attachment to Petitioner's Br. in Supp. of Petition, Docket # 2-6.) Welch filed a petition for review of the May 17, 2011 decision, which was denied. (Docket # 2-7 at 6.)

Welch also filed a *Knight* petition, alleging that appellate counsel was ineffective for failing to argue the speedy trial issue. (*Id.*) The *Knight* petition was denied by the court of appeals on December 29, 2011. Welch sought review of this decision by the Wisconsin Supreme Court, which was denied on May 14, 2012. (Decision on Petition for Review, Attachment to Petitioner's Br. in Supp. of Petition, Docket # 2-8.) Welch filed the instant petition for a writ of habeas corpus on July 5, 2012.

---

[1]   *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

## STANDARD OF REVIEW

Welch's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376 (2000). In reviewing the merits of a petition for habeas relief, "[t]he relevant decision for purposes of our assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369,374 (7th Cir. 2006) (*citing McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003)). In this case, it is the decision of the Wisconsin Court of Appeals that is at issue.

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

## ANALYSIS

Welch asserts several grounds for relief. First, Welch argues he was denied his constitutional right to a speedy trial. Second, Welch asserts he was denied his constitutional right to a fair trial when he was exposed to unfairly prejudicial information. Third, Welch argues he was denied his

- 4 -

constitutional right to cross-examine a witness. Finally, Welch argues his trial, postconviction, and appellate counsel were ineffective. I will address each argument in turn.

    *1.*    *Speedy Trial Claim*

Welch argues he was denied his right to a speedy trial. To prevail on habeas review, Welch must show that the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. In this case, the state court identified the correct Supreme Court decision regarding speedy trial issues. The court of appeals cited *State v. Williams*, 2004 WI App 56, ¶ 32, 270 Wis. 2d 761, 677 N.W.2d 691, which in turn cites the four-factor balancing test established by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). (Docket # 2-7 at 7.) Thus, the question is whether the Wisconsin Court of Appeals unreasonably applied the applicable law or unreasonably determined the facts when it disposed of Welch's speedy trial claim. *West v. Symdon*, 689 F.3d 749, 751 (7th Cir. 2012).

To determine whether a defendant's constitutional right to a speedy trial has been violated, the court must consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*, 407 U.S. at 530. These are not factors "that may be ticked off mechanically; instead, the Supreme Court has indicated that the *Barker* test involves a 'difficult and sensitive balancing process.'" *West*, 689 F.3d at 751 (citing *Barker*, 407 U.S. at 533). In regards to the last factor, prejudice to the defendant, courts are to consider those interests that the constitutional right to a speedy trial is designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of these, the most serious is the third, "because

- 5 -

the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* In *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992), the Supreme Court noted that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." However, "presumptive prejudice" does not necessarily indicate a "statistical probability of prejudice"; rather, "it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id.*

In this case, in addressing the first factor, i.e., the length of the delay, the court of appeals noted, consistent with Supreme Court precedent, that the right to a speedy trial attaches at the time of arrest. (Docket # 2-7 at 8.) *See United States v. MacDonald*, 456 U.S. 1, 7 (1982) (Sixth Amendment right to a speedy trial commences with the earlier of arrest or formal accusation). However, the court of appeals stated that it was unclear from Welch's submissions as to when he was initially arrested. (Docket # 2-7 at 8.) The court of appeals concluded that the information which Welch provided did not establish his arrest date. (*Id.*) As a result, the court of appeals took judicial notice of Wisconsin's Consolidated Court Automation Programs ("CCAP") records indicating the complaint was filed on November 4, 2004 and accepted Welch's representation that he was arrested prior to this date. (Docket # 2-7 at 8.) Because Welch's trial on counts one through twelve commenced on November 28, 2005, more than one year later, the court of appeals determined the length of delay necessitated an examination of the reasons for the delay.

Welch argues, however, that the length of delay should be counted from his actual date of arrest—July 27, 2004. In other words, a delay of approximately sixteen months as opposed to just over twelve months. Welch counters that the information does establish his arrest date because if a prosecutor chooses to charge more than one crime, he or she must list the crimes in chronological

- 6 -

order. (Petitioner's Supplemental Brief at 3, Docket # 24.) Welch argues that the "information clearly shows July 27, 2004, of the last four counts in the information as the day he was arrested." (*Id.*) After reviewing the information, I agree with Welch that the last crime listed in the information occurred on July 27, 2004. But the information does not state conclusively that Welch was arrested on that date. (*See* Information, Ans. Ex. Pg. 790-93, Docket # 15-4.) Importantly, whether the court of appeals used the November 4, 2004 date or the July 27, 2004 date, both dates are over one year from the start of the November 28, 2005 trial. In other words, either date would require examination of the reason for the delay, which the court of appeals did.

A delay of over one year as presented here is presumptively prejudicial. If the defendant makes the showing the delay was presumptively prejudicial, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Doggett*, 505 U.S. at 652. This enquiry is significant to the speedy trial analysis because the presumption that pretrial delay has prejudiced the accused intensifies over time. *Id.* Here, even counting from July 27, 2004, this sixteen-month delay is not so great as to weigh heavily against the state. *See Jones v. Morris*, 590 F.2d 684, 686 (7th Cir. 1979) (finding that although a delay of twenty-three months between arrest and trial weighs against the state, it is not so "inordinately lengthy" as to weigh heavily against the state). Accordingly, the court of appeals did not unreasonably apply this *Barker* factor.

As to the reasons for the delay, the court of appeals addressed the following reasons: the severance of the trials; the trial court's congested calendar; the prosecutor's trial in another court and the prosecutor's doctor's appointment; the unavailability of a State's witness; and the defense counsel's vacation plans. (Docket # 2-7 at 8-9.) The court of appeals found that the trial judge did

- 7 -

not erroneously exercise its discretion when it granted the State's motion to sever because the court's calendar, Welch's speedy trial request, and defense counsel's vacation schedule would not allow a trial on all sixteen counts at once. (Docket # 2-7 at 8.) The court of appeals rejected Welch's claim that the State was completely at fault for the initial delay, because his trial counsel's vacation schedule clearly contributed to the delay. (*Id.*) The court of appeals found that insofar as the court's calendar was to blame, this delay did not weigh heavily against the State. (*Id.* at 9.) The court of appeals further found that delay caused by the prosecutor having trial in another court and having a doctor's appointment were not deliberate attempts by the government to delay the trial in order to hamper the defense. Thus, the court of appeals found that the delays are counted against the State, but not weighted heavily. (*Id.*) Finally, to the extent the delay was caused by witness unavailability, the court of appeals found that this did not count against the State. (*Id.*)

The court of appeals' analysis of the reasons for the delay was not unreasonable. Welch argues that the court of appeals' analysis was contrary to the Wisconsin Supreme Court's holding in *Green v. State*, 75 Wis. 2d 631, 250 N.W.2d 305 (1977). Recall that on habeas review the test is whether the court of appeals correctly applied federal law (United States Supreme Court), not state law (Wisconsin Supreme Court). *Barker* states that while a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the State, a "more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered . . . a valid reason, such as a missing witness, should serve to justify appropriate delay." 407 U.S. at 531. The court of appeals' analysis of this factor is consistent with *Barker*.

- 8 -

As to the third factor, whether the defendant asserted his right to a speedy trial, the court of appeals correctly found that it was undisputed that Welch's trial counsel requested a speedy trial on November 10, 2004.

As to the final factor, prejudice to the defendant, the court of appeals stated, consistent with *Barker*, that courts consider the element of prejudice with reference to three interests: prevention of oppressive pretrial incarceration, prevention of anxiety and concern by the accused, and prevention of impairment of the defense. (Docket # 2-7 at 10.) The court of appeals found that Welch's prejudice argument hinged on the impairment of the defense interest and did not address the other two interests. Regarding the first two interests, Welch argues he had been incarcerated for sixteen months prior to receiving his second trial and suffered from anxiety and concern because after sentencing in the first trial, he did not know whether he would receive concurrent or consecutive sentences in the second trial. (Docket # 24 at 13.) Welch further argues that the State's inability to bring him to trial sooner hurt his chance to receive concurrent sentences to counts 14-16. (*Id.*) The respondent argues that the first two prejudice factors weigh against Welch because Welch's incarceration for most of the period before his second trial (from January 21, 2005, through November 28, 2005) resulted from his conviction at the end of the first trial, not from pretrial confinement in anticipation of a trial. (Docket # 21 at 16.) Welch is correct that pretrial incarceration, even under a lawful sentence, can be prejudicial. The Supreme Court has stated:

> At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from 'undue and oppressive incarceration prior to trial.' But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge.

- 9 -

*Smith v. Hooey*, 393 U.S. 374, 378 (1969). Specifically, the *Smith* Court noted that "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." *Id.* Welch argues that the delay of the trial cost him an extra 7 ½ years of initial confinement and 8 years of extended supervision. This argument supposes that Welch would have received a total of 19 ½ years initial confinement and 10 years extended supervision on all counts instead of the 26 years initial confinement and 18 years extended supervision that he received. More to the point, this argument ignores that the sentence that he received on counts 1-3 and 8-12 (counts 4-7 were dismissed) was concurrent to counts 13-16. (Habeas Ans. Ex. 135, Docket # 15-2.) As such, the first two prejudice factors do not weigh in Welch's favor.

Regarding impairment of the defense, Welch argues that he had five alibi witnesses and three of the witnesses could not be procured for trial because of the excessive delay, and one of the two witnesses called to testify displayed an impaired memory. Welch also argues that his own memory was impaired from the delay. (Docket # 24 at 13-14.) The court of appeals found that Welch's argument was based on pure speculation that the witnesses, who were allegedly unavailable in November 2005, would have been available in January 2005. (Docket # 2-7 at 10-11.) Further, the court of appeals noted that Welch failed to provide it with any affidavits from the individuals he claims would have provided him with alibis. (*Id.* at 11.)

The court of appeals' assessment does not unreasonably apply federal law. Although *Barker* does state that prejudice can be caused by the death or disappearance of a witness, 407 U.S. at 532, Welch has not shown, beyond his mere assertion, that the delay of trial caused the unavailability of the witnesses. Regarding the three alleged alibi witnesses that could not be procured for trial, Chanel

- 10 -

Brown, Yolanda Carrington, and Katy Kabha, Welch offers no explanation as to how the delay caused Brown and Carrington's unavailability. Regarding Kabha, although Welch asserts in his *Knight* petition that Kabha was unavailable because she moved out of state during the delay, he also lists a known address for her in Texas which contradicts his assertion that this witnesses could not be located. (Habeas Ans. Ex. p. 761, Docket # 15-4.)

Finally, Welch's general allegations that his own memory and the memory of his witness, Carl Welch, faded during the delay does not rise to the level of specificity required to show actual prejudice. *United States v. Koller*, 956 F.2d 1408, 1414 (7th Cir. 1992); *see also United States v. Brock*, 782 F.2d 1442, 1447 (7th Cir. 1986) ("[Petitioner's] suggestion that his memory might have faded is insufficient to establish that delay impaired his defense."). Even accepting as a general proposition that memories fade over time, Welch fails to explain how he could have given detailed testimony as to his whereabouts on June 22 and July 11, 2004 in January of 2005, but in November of 2005, ten months later, he could no longer remember enough to testify at all. Similarly, Welch does not explain how Carl Welch could have remembered the dates and times of the offenses in January of 2005, but could not remember in November of 2005. As the court of appeals stated, Welch has not shown why his and his witness' memories would have been completely intact in January of 2005 but impaired by November of 2005.

In balancing the four *Barker* factors, the court of appeals found that Welch's constitutional right to a speedy trial was not violated. Even though the delay exceeded one year, a portion of the delay did not count against the State and the portion that did count against the State did not weigh heavily against it. Further, while Welch asserted his right to a speedy trial, the court of appeals found that his allegations of prejudice were unsupported and conclusory. Welch has not shown that the

- 11 -

court of appeals unreasonably applied *Barker* in reaching this conclusion and thus is not entitled to habeas relief on this ground.

### 2. Right to a Fair Trial

Next, Welch argues he was denied his right to a fair trial because of the admission of allegedly prejudicial testimony at his trial. Specifically, Welch argues that the testimony of two police officers at trial constituted impermissible character evidence and was unfairly prejudicial, denying him his right to a fair trial. (Petitioner's Supplemental Br. at 18-19, Docket # 24.)

Generally, state court evidentiary errors do not entitle a defendant to habeas relief. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). Habeas relief is appropriate only if the erroneous evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Id.* (quoting *Howard v. O'Sullivan*, 185 F.3d 721, 723–24 (7th Cir.1999)). "'This means that the error must have produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally not subject to review in habeas corpus proceedings.'" *Id.* To consider the significance of the alleged errors, a court must examine "'the entire record, paying particular attention to the nature and number of alleged errors committed; their interrelationship, if any, and their combined effect; how the trial court dealt with the errors, including the efficacy of any remedial measures; and the strength of the prosecution's case.'" *Id.* (quoting *Alvarez v. Boyd*, 225 F.3d 820, 825 (7th Cir. 2000)).

Welch contends that the testimony of Officer Phillip Simmert and Detective Willie Huerta was improperly admitted. Officer Simmert testified: "Based on the things that I know about him, his character, the crimes that I know he's committed, I took a look in the car to make sure that nothing was secreted." (Habeas Ans., Ex. p. 2405-06, Docket # 15-7.) Detective Huerta testified: "Yes, I

- 12 -

believe that we were in another proceeding with the defendant, Cory Welch, where he was on trial for about 11, 12 other robberies . . . ." (Habeas Ans., Ex. p. 2826.) Under Wisconsin law, evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity. Wis. Stat. § 904.04(1). Further, evidence "of other crimes, wrongs, or acts" is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. Wis. Stat. § 904.04(2). Nonetheless, the court of appeals found that Welch would have been convicted even without the two statements; thus, even if the admission of the statements was improper, it was harmless.

I will assume that the admission of the two statements was error. However, not every evidentiary error constitutes a denial of due process. As previously stated, for habeas relief, the error must have produced a significant likelihood that an innocent person has been convicted. *Anderson*, 243 F.3d at 1054. Looking at the record as a whole, as the court of appeals found, there was sufficient other evidence upon which the jury could have convicted Welch without the two police officer's improper statements. As the court of appeals pointed out, several robbery victims testified about how the robberies of their businesses occurred: two black men, with ski masks, hoodies, and a duffle bag. This established that the robberies had the same *modus operandi*. (Docket # 2-6 at 11.) Further, a green Chrysler identified in many of the robberies belonged to Welch. (*Id.*) Welch fled from officers when they approached him at a residence and told officers conflicting stories. (*Id.*) Co-actors testified that Welch counseled his friends as to the best time to commit a robbery; Welch bragged about participating in forty-six robberies; Welch bought a car with robbery proceeds; and Welch called his car "the moneymaker" because he used it in robberies. (*Id.*) Finally, when police searched Welch's Chrysler, they found ski masks and a black duffle bag in the trunk. (*Id.* at 12.) Welch's DNA was

- 13 -

found on one of the ski masks and the likelihood of the DNA belonging to someone other than Welch was one in one million. (*Id.*) Considering the record as a whole, Welch has not shown that the improper admission of these two statements violated his due process right to a fair trial. Welch is not entitled to habeas relief on this ground.

3.    *Right to Cross-Examination of a Witness*

Welch argues he was denied his Sixth Amendment right to confront and cross-examine a witness. As the court of appeals explains, in the first trial (on counts thirteen through sixteen), a co-defendant named Marques Stephens testified against Welch. (Docket # 2-6 at 5.) Some of Stephens' testimony related to events constituting counts nine, ten, and eleven that were tried in the second trial. (*Id.*) Trial counsel opted to limit his cross-examination to the four charges at issue in the first trial. (*Id.*) Stephens refused to testify at the second trial and the trial court declared him unavailable and found him in contempt. (*Id.*) A portion of his direct examination testimony from the first trial was read to the jury in the second trial. (*Id.*) At defense counsel's request, the cross-examination was not read. (*Id.*) This was because the parties were attempting to avoid reference to the first trial at the second trial. In introducing the transcript reading, reference was made to a prior proceeding without calling it a trial. (*Id.*) Defense counsel was concerned that, when reading the cross-examination, it would be necessary to identify counsel as the person questioning Stephens, which might have led the jury to infer that the prior proceeding was in fact another trial on other charges. (*Id.*)

Welch argues that because his trial counsel failed to cross-examine Stephens on the events constituting counts nine, ten, and eleven, less information was available to the second jury when Stephens' testimony transcript was read to the jury. As an initial matter, the respondent argues Welch failed to exhaust this issue because he failed to present it to the Wisconsin Supreme Court in his

petition for review. Alternatively, the respondent argues Welch procedurally defaulted the claim because the Wisconsin Court of Appeals rejected the cross-examination claim on an adequate and independent state ground. (Docket # 21 at 26-28.)

Section 2254 requires a district court to make two inquiries before considering a petition for habeas corpus on its merits:

> [W]hether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988)). The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To comply with this requirement, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*; *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 485-86 (7th Cir. 2003).

Welch's Wis. Stat. § 974.06 motion went through two rounds in the Wisconsin appellate courts. During Welch's first trip through the appellate process, he clearly presented the cross-examination claim before each court, including in his petition for review before the Wisconsin Supreme Court. (Docket # 15-4, Ex. p. 417-25, 521-27.) The Wisconsin Court of Appeals addressed the issue in its August 10, 2010 decision. (Docket # 2-5.) The Wisconsin Supreme Court granted Welch's petition for review and vacated the court of appeals' August 10, 2010 decision. (Docket #

- 15 -

15-4, Ex. p. 580-81.) In its order granting the petition for review, the supreme court ordered the court of appeals to consider the merits of Welch's argument that his trial counsel was ineffective for failing to seek a mistrial due to the admission at trial of allegedly prejudicial information. (*Id.*) The court of appeals had failed to address the merits of this claim because of a mistaken belief that the transcript of the circuit court's decision regarding that issue was not part of the record on appeal. (*Id.*)

Thus, upon remand, the court of appeals issued a new decision on May 17, 2011. In this decision, the court of appeals addressed the same issues it addressed in its August 10, 2010 decision; however, the May 17, 2011 decision also included an analysis of the merits of the mistrial issue. Welch filed a petition for review of the May 17, 2011 decision. In this petition for review, Welch did not address any of the issues he addressed in his original petition for review; rather, he only addressed the merits of the mistrial issue. (Docket # 15-4 at 656-68.) The Wisconsin Supreme Court denied his petition for review. (*Id.* at 705.)

Welch argues that he exhausted the cross-examination claim because the supreme court only remanded for consideration of the mistrial issue. (Petitioner's Br. at 6, Docket # 16.) He argues that because the "Wisconsin Supreme Court already denied review of the cross-examination issue there was no reason to petition for review again because that decision was stayed in that court." (*Id.*) Welch is incorrect. When the Wisconsin Supreme Court granted his petition for review and vacated the court of appeals' August 10, 2010 decision, this restarted the appeal process. *See United States v. W.B.H.*, 664 F.3d 848, 853 n.3 (11th Cir. 2011) (quoting *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) ("[V]acated decisions 'have no legal effect whatever. They are void.'"). The court of appeals considered all of the arguments Welch raised in his appeal of the Wis. Stat. § 974.06 motion in its May 17, 2011 decision, including the cross-examination issue, but not the

- 16 -

supreme court. Although Welch's confusion is understandable, he failed to exhaust the cross-examination issue by failing to raise the issue in his petition for review of the May 17, 2011 decision.

However, even assuming Welch had properly exhausted this claim, the claim is procedurally defaulted on an adequate and independent state ground basis. A federal court is precluded from conducting federal habeas corpus review when a state court did not reach a federal issue because it applied a state procedural rule. "To conclude that a procedural default constitutes an independent basis for the state court's ruling, [the court] must be convinced that the last state court to consider the question actually relied on procedural default as the basis for its decision," rather than deciding the case on the merits. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir.2000). "The state court therefore must have 'clearly and expressly' relied on procedural default as the basis of its ruling." *Id.*

The circuit court denied Welch's postconviction motion regarding the cross-examination issue because it was conclusory. (Docket # 2-6 at 6.) Citing *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433, the court of appeals found that whether a postconviction motion alleges sufficient facts to entitle a defendant to a hearing is a mixed question of fact and law and if the motion is insufficient, the circuit may grant or deny a hearing on the matter at its discretion. (*Id.*) Because Welch's motion failed to explain what the substance of the unasked cross-examination would be or how it would benefit his case, the court of appeals held that it was impossible to evaluate whether there was any potential merit to the complaint that would warrant relief. Thus, the circuit court denied this portion of Welch's motion for failure to allege sufficient facts to warrant a hearing. This constitutes an adequate and independent state ground which precludes federal review under § 2254.

*See Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005).[2] As such, Welch is not entitled to relief on this ground.

### 4.    Ineffective Assistance of Counsel

Finally, Welch argues he was denied effective assistance of trial, post-conviction, and appellate counsel in regards to his prejudicial information claim. Welch argues his trial counsel was ineffective because he failed to move for a mistrial or ask for a curative jury instruction regarding the allegedly prejudicial testimony of the two police officers as discussed above. He further argues his post-conviction and appellate counsel were also ineffective for failing to challenge the trial counsel's failure to move for a mistrial. (Docket # 24 at 24.)

The clearly established Supreme Court precedent for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Welch must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy *Strickland's* performance prong, the defendant must identify "acts or omissions of counsel that could not be the result of professional judgment." *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015 (7th Cir.1988) (citing *Strickland*, 466 U.S. at 690). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S.

---

[2]    Although the argument is not well developed in any of Welch's briefs, he also appears to be arguing that his trial counsel was ineffective for failing to cross-examine Marques Stephens on information related to counts nine, ten, and eleven in the first trial. (Docket # 1 at 8.) Once again, the court of appeals declined to address this argument because Welch failed to provide specific facts for the trial court to properly decide the motion. (Docket # 2-6 at 5-7.) For the reasons discussed above, Welch has also procedurally defaulted his ineffective assistance of counsel claim related to the cross-examination issue.

- 18 -

at 689). A reviewing court must seek to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," *id.*, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. A habeas petitioner bringing an ineffective assistance of counsel claim must show that the state court unreasonably applied *Strickland* in evaluating his claim. *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007). The state court's application of *Strickland* must be more than erroneous; it must be "objectively unreasonable." *Id.*

In addressing Welch's ineffective assistance claim regarding the mistrial issue, the court of appeals cited to *Strickland* as its authority. Thus, the court of appeals' analytical framework comported with federal law. As such, the state court decision was not contrary to Supreme Court precedent. Thus, I turn to whether the court of appeals' application of the law to the facts was unreasonable. Beyond making conclusory assertions that the state court's application of the law to the facts was unreasonable, Welch has made no showing that the court of appeals' application of *Strickland* was objectively unreasonable. In addressing this issue, the court of appeals assumed, without deciding, that trial counsel's failure to ask for a mistrial or postconviction counsel's failure to challenge trial counsel's failure to seek a mistrial, was deficient performance. (Docket # 2-6 at 10.) However, the court of appeals found that Welch's claim failed because he could not show prejudice. (*Id.*) Relying on the totality of the evidence, the court of appeals found that there was no reasonable probability that either officer's statement contributed to the conviction and thus a mistrial would not have been granted even if trial counsel had asked for one. (*Id.* at 12.) The court of appeals found trial

counsel was not ineffective for failing to ask for a mistrial and postconviction counsel was not ineffective for failing to challenge trial counsel's actions. (*Id.*)

The only prejudice Welch alleges was the fact the jury was given notebooks and allowed to take notes of the testimony during the trial and thus must have written down the allegedly prejudicial statements and relied on those statements to convict him. (Docket # 2 at 12.) As the court of appeals pointed out, this argument is a *non sequitur*: "just because the jurors could take notes does not mean that they did. If they did, it does not mean they wrote down the prejudicial statements. If they did write down the statements, it does not mean that they were relied upon in deliberations." (Docket # 2-6 at 8-9.) The court of appeals' application of *Strickland* to the facts of this case is not objectively unreasonable. Welch is not entitled to habeas relief on this ground.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

- 20 -

debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Regarding the three issues decided on the merits: Welch's speedy trial, right to a fair trial, and ineffective assistance of counsel claims, Welch has not made a substantial showing that his constitutional rights were violated. Regarding the speedy trial claim, the court of appeals properly utilized the four-factor balancing test articulated in *Barker* and reasonably applied *Barker* in denying Welch's speedy trial claim. Regarding Welch's claim he was denied his right to a fair trial, Welch failed to show that the state court's allegedly erroneous evidentiary ruling was so prejudicial as to compromise his due process right to a fundamentally fair trial. Finally, regarding his ineffective assistance of counsel claim, reasonable jurists would not debate that the court of appeals properly applied *Strickland* to the facts of this case.

Regarding Welch's argument that he was denied his right to cross-examination of a witness, which was denied on procedurally grounds, while jurists of reasons may arguably debate whether Welch exhausted his claim through the initial petition for review prior to remand, jurists of reason would not find it debatable that the court of appeals decided this issue on adequate and independent state grounds. For these reasons, the Court denies Welch a certificate of appealability on all four claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
